UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRAVIS HEFFLEY,

                Plaintiff,

-against-

FEDERAL BUREAU OF PRISONS,

                Defendant.

17-CV-5518 (CM)

ORDER

COLLEEN McMAHON, United States District Judge:

    Plaintiff, currently incarcerated in FCI Otisville, proceeds in this matter *pro se*. On March 22, 2018, the Court dismissed this action under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. More than three years later, on June 15, 2021, the Court received from Plaintiff a motion to waive the filing fees. (ECF 14.) Plaintiff requests that the Court stop making deductions from his prisoner account for the filing fees because the "fees at this time are too expensive in relation to the amount he receives each month." (*Id*.) For the following reasons, the Court denies Plaintiff's request.

    The Court lacks discretion to waive the collection of the filing fees in this case. A prisoner, such as Plaintiff, who "brings a civil action or files an appeal *in forma pauperis* [is] *required* to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (emphasis added); *see also Bruce v. Samuels*, 136 S. Ct. 627, 630 (2016) (Congress amended the *in forma pauperis* (IFP) statute to require "prisoners to pay filing fees for the suits or appeals they launch."). Prisoners granted IFP status are permitted to proceed *without prepaying* at the time of filing the complaint the entire $350.00 filing fee, which is instead deducted from the prisoner's account in

increments, as set forth in § 1915(b)(1). The Court must collect, when funds exist in a prisoner's account, an initial partial filing fee plus monthly payments.[1]

Plaintiff requested to proceed in this matter without prepayment of fees and submitted to the Court a signed prisoner authorization on August 2, 2017. (ECF 4.) That form provided that "by signing below, I acknowledge that . . . if I am granted IFP status, the full $350 filing fee will be deducted in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it." (*Id*.). The prisoner authorization further authorized the agency having custody to calculate the amounts specified under the IFP statute, to deduct those amounts from Plaintiff's prisoner account, and to disburse those amounts to this Court. Plaintiff's request to waive collection of the filing fees must therefore be denied. *See Leonard v. Lacy*, 88 F.3d 181 (2d Cir. 1996) (obligation to pay filing fees is imposed prior to any assessment of complaint).

## CONCLUSION

Plaintiff's motion (ECF 14) to stop the deduction of the filing fees from his prisoner account is denied. All other pending matters in this case are terminated.

The Clerk of Court is directed not to accept any further submissions under this closed case number, except for papers directed to the United States Court of Appeals for the Second Circuit.

---

[1] The initial partial filing fee is 20 percent of the greater of – (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint. 28 U.S.C § 1915(b)(1)(A). The agency having custody of the prisoner is then required to forward payments from the prisoner's account to the Clerk of Court each time the amount in the account exceeds $10, until the filing fees are paid. 28 U.S.C. § 1915(b)(2); *see also* In the Matter of the Prison Litigation Reform Act, Second Amended Standing Order, M10-468 (S.D.N.Y. May 26, 2010) (requiring agencies to calculate and remit the statutory fees for litigants in their custody).

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and to note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 13, 2021
New York, New York

_____
COLLEEN McMAHON
United States District Judge